UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENTRY WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. FANNON,<br><br>　　　　Defendant. | No. 2:19-cv-0486 MCE DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. Plaintiff alleges excessive force in violation of his Eighth Amendment rights. Before the court are plaintiff's motion for the appointment of counsel, motion for defendant to file an answer, and request for the status of service of the complaint on defendant Fannon. For the reasons set forth below, the court will deny both motions and provides plaintiff with an explanation of the status of service of the complaint.

**BACKGROUND**

In an order filed June 12, 2019, this court found plaintiff stated a potentially cognizable claim against defendant Fannon for excessive force. Plaintiff then submitted service documents for defendant Fannon and on June 28, 2019, this court ordered the U.S. Marshal to first seek a waiver of service from defendant Fannon and, if the waiver was not returned, to attempt personal service on Fannon. (ECF No. 13.) To date, defendant Fannon has not appeared in this case.

This court has inquired about the status of service on defendant Fannon. Apparently, due to administrative errors, the U.S. Marshal did not send the waiver of service to Fannon until October 10, 2019. Recently, the California Department of Corrections and Rehabilitation informed the Marshal that Fannon has a new address. On December 16, a waiver of service was sent to Fannon at that new address. As set out in the court's June 28 order, if Fannon does not return that wavier form within 60 days, the Marshal will attempt personal service on Fannon.

**MOTION FOR DEFENDANT TO FILE AN ANSWER**

As set out above, it does not appear that defendant Fannon has been provided a copy of the complaint. Further, it does not appear that Fannon bears any responsibility for the delay in obtaining the complaint. Because Fannon has not yet appeared in this action, this court has no authority to order him to answer the complaint.

**MOTION FOR THE APPOINTMENT OF COUNSEL**

Plaintiff seeks the appointment of counsel. He states that he "has no skills in litigation" and has required the help of others to litigate this case. (ECF No. 21.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

////

////

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for defendant to answer the complaint (ECF No. 22) is denied; and

2. Plaintiff's motion for the appointment of counsel (ECF No. 21) is denied.

Dated: December 27, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/will0486.31